UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TRACEY A. ATKINS,

                                                 Petitioner,

        v.                                                                                       9:04-CV-0942
                                                                                                                        (GLS)(GJD)

TERRANCE MCELROY, Acting Superintendent of
Bedford Hills Correctional Facility,

                                               Respondent.
_____

APPEARANCES:

TRACEY A. ATKINS
Petitioner, *pro se*

GARY L. SHARPE, District Judge

## DECISION and ORDER

      Petitioner Tracey A. Atkins filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction rendered in Essex County on August 8, 2001, by which petitioner was found guilty of Robbery in the First Degree. Dkt. No. 1. Thereafter, respondent filed a request that the Court stay the petition for a writ of habeas corpus. Dkt. Nos. 10, 11. Respondent alleged that petitioner had pending in state court a motion to vacate her conviction pursuant to New York State Criminal Procedure Law ("CPL") § 440.10 "in which she raises an ineffective assistance of trial counsel claim that is identical to the one raised in this petition." Dkt. No. 11 at 1. Respondent argued that, since not all of petitioner's claims were exhausted in state court, the petition, which presented both exhausted and unexhausted, was a mixed petition which ordinarily should be dismissed. *Id*. at 1-2. Respondent further stated that "because petitioner has already begun the process of presenting her unexhausted claim to the state court for its review, respondent requests that this Court stay the petition until the claim has been exhausted in state court." *Id*. at 2. Petitioner did not respond to respondent's request to stay the petition.

In light of *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001),[1] and in order to preserve the viability of petitioner's exhausted claims, by Order of this Court filed on May 2, 2006 ("May Order"), further proceedings in this matter were stayed in order that petitioner may exhaust her unexhausted claim in state court and, if necessary, return to this court after exhaustion is completed. Dkt. No. 15. In light of the stay, respondent's obligation to respond to the petition was also stayed pending further order of the Court.

Currently before the Court is petitioner's request "for an Order dismissing the above entitled action on the ground of Ineffective Assistant of Counsel." Dkt. No. 19. Petitioner indicates that in a previous letter sent to the Court, she had also asked the Court to "omit the ineffective assistance of counsel claim on my Writ for Habeas Corpus" because she had not exhausted the claim.[2] Dkt. No. 18 at 2. Respondent has not responded to this request.

After reviewing the entire file, the Court grants petitioner's request to voluntarily dismiss from her petition her claim that she was denied ineffective assistance of trial counsel.[3]

---

[1] The Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 122 S.Ct. 506 (2001), that the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining the proper disposition of the petition. The Second Circuit ruled in *Zarvela*, that when presented with a mixed petition, the district court may dismiss without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380.

[2] This previous request was returned to the petitioner, without action, for procedural deficiencies. Dkt. No. 18.

[3] Petitioner still has three other claims pending in her petition. Petitioner alleges that the prosecution failed to disclose information or evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. No. 1 at 5. Petitioner also claims that she was denied her statutory right to a speedy trial and her sentence was harsh and excessive. *Id.* at 5-6.

Since the present stay was granted on the premise that petitioner's ineffective assistance of counsel claim was unexhausted, and because the ineffective assistance of counsel claim is now dismissed, the Court also directs that the stay in this action be immediately lifted.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's request to voluntarily withdraw her ineffective assistance of counsel claim (Dkt. No. 19) is GRANTED, and petitioner's ineffective assistance of counsel claim is **dismissed** from this action, without prejudice, and it is further

**ORDERED**, that the stay previously granted in this action is **immediately lifted**, and it is further

**ORDERED**, that <u>**within sixty-five days**</u> of the date of the receipt of this Order by the respondent, the respondent shall file and serve an answer or other pleading to this petition, and it is further

**ORDERED**, that upon the filing of such answer or other pleading, the Clerk is directed to forward the entire file on this matter to the Court, and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties.

IT IS SO ORDERED.

Dated:   July 11, 2006

_____
Gary L. Sharpe
U.S. District Judge